J-S20037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ARLINE LOUISE PETERMAN | : | |
| | : | |
| Appellant | : | No. 1580 WDA 2018 |

Appeal from the PCRA Order Entered October 3, 2018
In the Court of Common Pleas of Indiana County
Criminal Division at No(s): CP-32-CR-0001191-2016

BEFORE: GANTMAN, P.J.E., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY GANTMAN, P.J.E.: **FILED MAY 10, 2019**

Appellant, Arline Louise Peterman, appeals from the order entered in the Indiana County Court of Common Pleas, which denied her first petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A §§ 9541-9546. We affirm.

In its opinion, the PCRA court correctly set forth the relevant facts and most of the procedural history of this case. Therefore, we have no reason to restate them. We add the following procedural history. The PCRA court denied PCRA relief on October 3, 2018. On November 2, 2018, Appellant filed a timely notice of appeal. On November 5, 2018, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on November 19,

2018.[1]

Appellant raises the following issue for our review:

WHETHER THE [PCRA] COURT ERRED WHEN IT MADE A FINDING THAT [PLEA] COUNSEL WAS EFFECTIVE…, EVEN THOUGH THE EVIDENCE SHOWS THAT COUNSEL INDUCED [APPELLANT] TO PLEAD GUILTY, SHE WANTED TO HAVE A JURY TRIAL AND IS INNOCENT OF THE CHARGE OF STALKING?

(Appellant's Brief at 5).

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. **Commonwealth v. Conway**, 14 A.3d 101, 109 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. **Commonwealth v. Boyd**, 923 A.2d 513, 515 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. **Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa.Super. 2012). Traditionally, credibility issues are resolved by the trier of fact who had the opportunity to observe the witnesses' demeanor. **Commonwealth v. Abu-Jamal**, 553 Pa. 485, 527, 720 A.2d 79, 99 (1998), *cert. denied*, 528

---

[1] On June 2, 2017, Appellant entered open guilty pleas at Docket No. 1191-2016 for stalking and at Docket No. 114-2017 for harassment. Appellant's PCRA petition and appellate issue relate only to the stalking conviction at No. 1191-2016. Thus, this case does not present a jurisdictional issue pursuant to **Commonwealth v. Walker**, ____ Pa. ____, 185 A.3d 969 (2018).

U.S. 810, 120 S.Ct. 41, 145 L.Ed.2d 38 (1999).  Where the record supports the PCRA court's credibility resolutions, they are binding on this Court.  ***Id.***

After a thorough review of the record, the briefs of the parties, the applicable law, and the reasoned opinion of the Honorable Thomas M. Bianco, we conclude Appellant's issue merits no relief.  The PCRA court opinion comprehensively discusses and properly disposes of the question presented. (***See*** PCRA Court Opinion, filed October 3, 2018, at 6-10) (finding: Appellant completed written plea colloquy; during oral plea colloquy, Appellant acknowledged she had reviewed and executed written plea colloquy and had opportunity to ask plea counsel questions about pleading guilty; Appellant also indicated plea counsel explained consequences of pleading guilty and alternatives to pleading guilty; at PCRA hearing, plea counsel credibly testified that although Appellant was originally reluctant to enter guilty plea, Appellant chose to enter plea after she discussed rights and possible trial outcomes with counsel; plea counsel said Appellant did not request to withdraw guilty plea; Appellant also did not indicate to court she wished to withdraw guilty plea prior to PCRA petition; Appellant entered negotiated plea with implications at two separate docket numbers, which indicates Appellant understood effect of guilty plea; Appellant knowingly, intelligently, and voluntarily entered guilty plea).  The record supports the reasoning of the PCRA court.  Accordingly, we affirm based on the PCRA court opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: May 10, 2019

DA
A. Skala, Esquire

IN THE COURT OF COMMON PLEAS OF INDIANA COUNTY, PENNSYLVANIA

COMMONWEALTH OF : 
PENNSYLVANIA, : 
 : CRIMINAL DIVISION
vs. : 
 : NO. 1191 CRIM 2016
 : 
ARLINE PETERMAN, : 
Petitioner. : 

2018 OCT -3 AM 10: 34
INDIANA COUNTY
PROTHONOTARY AND
CLERK OF COURTS

## OPINION AND ORDER OF COURT

Bianco, J.

This matter comes before the Court on the Petition for Post Conviction

Collateral Relief (hereinafter the "PCRA Petition") filed on behalf of Petitioner,

Arline Peterman. For the reasons stated herein, the PCRA Petition is DENIED.

## FACTS

Petitioner was charged with a violation of 18 Pa.C.S.A. §2709.1(a)(2),

Stalking, graded as a misdemeanor of the first degree, and 18 Pa.C.S.A.

§2709(a)(7), Harassment, graded as a misdemeanor of the third degree. At all

times relevant to the allegations contained in the PCRA Petition, Petitioner was

represented by Robert S. Bell, Esquire.

1

43    S

On June 2, 2017, Petitioner entered a plea of guilty to Count 1, Stalking. The Commonwealth of Pennsylvania moved for the Nol Pros of Count 2, Harassment. Petitioner also entered a guilty plea in the case docketed at 114 Crim. 2017. In that matter, Petitioner was charged with 18 Pa.C.S.A. §2709.1, Stalking, graded as a felony of the third degree, and 18 Pa.C.S.A. §2709, Harassment, graded a misdemeanor of the third degree. Petitioner pled guilty to Count 2, Harassment, and the Commonwealth moved for the Nol Pros of Count 1, Stalking. The Court acknowledges that the pending PCRA Petition does not claim error at the case docketed at 114 Crim. 2017, however, the Court believes that entry of the pleas as a "package deal" is relevant to the pending claims.

At the time of the entry of the guilty plea, the Court engaged Petitioner in an oral guilty plea colloquy. During the oral colloquy, the Court reviewed the written colloquy entitled "Colloquy for Plea of Guilty / Nolo Contendere" previously completed and executed by Petitioner. This form is a one page document. It lists the offense to which Petitioner pled guilty, it has brief statement of Petitioner's rights (including a statement that Petitioner has "the

2

right to a jury trial"), and Petitioner's signature appears at the bottom of the document. The written colloquy is dated June 2, 2017. At the PCRA hearing, the written colloquy was introduced as Commonwealth's Exhibit A, and the transcript of the Plea Hearing was introduced as Commonwealth's Exhibit B.

Petitioner was sentenced by the Court on August 11, 2017. Petitioner was ordered to pay the cost of prosecution of $321.00 and pay a fine in the amount of $500.00. Petitioner was placed on Intermediate Punishment for a period of three (3) years. It was a special condition of Intermediate Punishment that Petitioner undergo incarceration at the Indiana County Jail for 72 hours, followed by 3 months of restrictive intermediate punishment (house arrest with electronic monitoring). Petitioner did not file a post-sentencing motion. Petitioner did file an appeal to the Superior Court of Pennsylvania, however, that appeal was withdrawn at Petitioner's request prior to a decision on the merits of the appeal.

On August 8, 2018, Petitioner filed the pending PCRA Petition with the Clerk of Court of Indiana County, Pennsylvania. In the PCRA Petition, Petitioner appears to raise one issue: Petitioner wanted a jury trial, but Robert S. Bell,

3

Esquire, induced Petitioner to enter the plea. The Court will consider this claim as an ineffective assistance of counsel claim.

This Court conducted a hearing to address the PCRA Petition on October 2, 2018. During the course of the hearing, the Court heard testimony from Attorney Robert S. Bell and Petitioner. This matter is ripe for decision.

## APPLICABLE LAW

The relevant portions of the Post Conviction Relief Act are set forth below; Petitioner must prove each by a preponderance of the evidence:

> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>> (i) currently serving a sentence of imprisonment, probation or parole for the crime;
>>
>> ...
>
> (2) That the conviction or sentence resulted from one or more of the following:
>
> ...
>
>> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

4

...

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S.A. § 9543.

" 'Counsel is presumed effective, and [Petitioner] bears the burden of proving otherwise.' " Commonwealth v. Fears, 86 A.3d 795, 803-804 (Pa. 2014), *quoting* Commonwealth v. Steele, 961 A.2d 786, 796 (Pa. 2008)(additional citation omitted). "To prevail on an ineffectiveness claim, [Petitioner] must establish: '(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [Petitioner] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.' " Id., *quoting* Commonwealth v. Lesko, 15 A.3d 345, 373 (Pa. 2011)(additional citation omitted). "Failure to prove any prong of

5

this test will defeat an ineffectiveness claim." Id., *citing* Commonwealth v. Basemore, 560 Pa. 258, 744 A.2d 171, 738 (2000).

In this case, Petitioner alleges that his counsel was ineffective regarding the entrance of her plea. " 'Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters [her] plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.' " Commonwealth v. Barndt, 74 A.3d 185, 192 (Pa.Super. 2013), *quoting* Commonwealth v. Wah, 42 A.3d 335, 338-39 (Pa.Super. 2012).

## DISCUSSION

To begin, the Court recognizes that Petitioner is eligible for relief under 42 Pa.C.S.A. §9543(a) in that Petitioner was convicted of a crime and is currently serving a sentence of intermediate punishment (parole).

As stated above, Petitioner claims that she wanted to have a jury trial, but her defense counsel induced her to enter a plea. With regard to this claim, the

6

Court first mentions that Petitioner completed a written plea colloquy. This one page document was handed to the Court at the beginning of the plea hearing. The Court also questioned Petitioner about the execution of the written colloquy to ensure that Petitioner did in fact execute the document and that she had the ability to ask her lawyer any questions that she may have had about her rights.

The Court next examines the Plea Hearing Transcript. During the Plea Hearing, the Court engaged Petitioner in an oral colloquy. The Court reviewed the plea agreement in both cases. The Court then asked Petitioner "has it been explained to you what it means to plead guilty and the consequences of entering the pleas and the alternatives available to you." (Plea Hearing Transcript, p. 4). Ms. Peterman responded "Yes." Id. The Court then told Petitioner that "I want to make sure that the pleas are being entered knowingly, voluntarily, and intellingently," and then proceeded to engage Petitioner in an oral colloquy. Id. Relevant to the pending issue are the following excerpts for the Plea Hearing Transcript:

7

Q:    Now Miss Peterman with regard to the offenses themselves; the Stalking offense, the Commonwealth would have to prove that you engaged in a course of conduct or repeatedly communicated to another person under the circumstances that demonstrated or communicated an intent to place such person in reasonable fear of bodily injury or to cause substantial emotional distress to the other person.  That's the definition of that offense, and it's graded as a Misdemeanor of the First Degree.  Any questions for me about what the Commonwealth would have to prove?

A:    No.

(Plea Hearing Transcript, pp. 5-6).

Q:    Now Miss Peterman you understand that one of the rights you have is to have a trial; you can say I'm not going to enter a plea I would like to have a trial, the Commonwealth would have to prove the elements of the offense—both offenses beyond a reasonable doubt.  Any questions about that right?

A:    No.

Q:    Has anybody forced you or threatened you to give up those rights to plead guilty today?

8

A:     No.

Q:     Are you entering the pleas of your own free choice?

A:     Yes.

(Plea Hearing Transcript, p. 7).

In addition to the clear language of the oral colloquy, as set forth in the transcript, the Court received credible testimony from Robert S. Bell, Esquire, at the PCRA Hearing. Attorney Bell testified that Petitioner was reluctant to enter a plea in this matter, but after he engaged Petitioner in discussions regarding her rights and possible outcomes at trial, Petitioner decided to enter the plea. Attorney Bell also testified that Petitioner never requested to withdraw her plea. In fact, Attorney Bell testified that on the day of the Sentencing Hearing in this matter, Petitioner stated "let's go ahead with the sentence." The Court also notes that Petitioner never indicated to the Court that she wished to withdraw her plea.

Finally, the Court finds it relevant that Petitioner entered a negotiated plea in another case at the same time as the plea in question. It is not uncommon for the Commonwealth and a defendant to negotiate a "package

9

deal" in a situation involving multiple cases. As stated above, the PCRA Petition addresses the case at 1191 Crim. 2016, therefore, the Court gleans that Petitioner wants the benefit of her bargain in the case docketed at 114 Crim. 2017, in which the Commonwealth moved for the Nol Pros of the Stalking charge graded as a felony of the third degree. Petitioner testified at the PCRA Hearing that prior to the entry of her pleas, Attorney Bell told her that is "was a package deal." The Court believes that Petitioner knowingly, intelligently, and voluntarily entered her pleas.

Based upon a review of the written plea colloquy, an examination of the Plea Hearing Transcript, and a review of the testimony presented at the PCRA Hearing, the Court finds that Petitioner has failed to demonstrate a right to relief.

WHEREFORE, the Court enters the following Order.

10

IN THE COURT OF COMMON PLEAS OF INDIANA COUNTY,
PENNSYLVANIA

COMMONWEALTH OF
PENNSYLVANIA,

          vs.

ARLINE PETERMAN,
       Petitioner.

:
:
:   CRIMINAL DIVISION
:
:   NO. 1191 CRIM 2016
:
:
:

## ORDER OF COURT

AND NOW this 3rd day of October, 2018, this matter having

come before the Court on the Petition for Post Conviction Collateral

Relief filed on behalf of Petitioner, and the Court having held a hearing

thereon, it is hereby ORDERED, ADJUDGED, and DECREED that said

Petition for Post Conviction Collateral Relief is DENIED, consistent with

the attached Opinion.

BY THE COURT:

_____
Thomas M. Bianco, Judge

2018 OCT -3 AM 10: 34

INDIANA COUNTY
PROTHONOTARY AND
CLERK OF COURTS

44   S